SAVOY, Judge
(dissenting).
The instant suit involves the legal interpretation of a settlement of community between the parties to this suit who entered into said agreement after plaintiff obtained a separation from bed and board against the defendant, together with a dissolution of the community of acquets and gains heretofore existing between the parties.
The record reveals that during the marriage, the parties to this suit donated to the children born of the union certain savings bonds. There is nothing in the record to show that the donation was made conditionally.
In the community settlement it was stipulated between the parties that defendant husband and father would hold the bonds in trust for said minor children.
Plaintiff filed the instant suit to declare the portion of the community settlement agreement entered between her and defendant to be null insofar as it granted to defendant the custody of the bonds and prayed that the district court decree the bonds be delivered to her. After the suit was filed, but before a trial on the merits, plaintiff qualified as tutrix to the minor children referred to in her suit.
•
After a trial on the merits in the district court, judgment was rendered in favor of plaintiff as prayed for. On appeal this Court reversed the lower court judgment.
On appeal defendant contends that he is entitled to retain custody of the bonds as custodian under the Gifts to Minors Act, LSA-R.S. 9:735 et seq. This contention is without merit for the reason that defendant did not comply with the provisions of said statute.
Under the provisions of LSA-C.C. Article 1284, the minors became the owners of the bonds at the moment they were donated to them by their parents. The above Civil Code article states that the donation of movable contains an absolute transfer of the rights of the donor to the donee in the movables given.
When plaintiff qualified as tutrix to the said minors, she was entitled to possession of the bonds in controversy.
LSA-C.C.P. Article 4262 states that the tutrix shall take possession of, preserve and administer the minors’ property. This is a mandatory duty imposed upon her by law.
*124 I am of the opinion that plaintiff should have possession of the bonds, for if there is a conflict between LSA-C.C.P. Article 4262 and the community agreement, the positive law- on the subject should prevail.
For the reasons stated I dissent from the view expressed in the majority opinion.
En Banc.